UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERWIN SMRZ and VLASTA SMRZ, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DOUBLE D TRUCKING, LTD., and )<br>AARON KOZUMPLIK, )<br>)<br>Defendant. ) | Case No. 06 C 1911<br><br>Hon. Joan H. Lefkow |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Erwin Smrz and Vlasta Smrz (together, "plaintiffs"), filed suit against Double D Trucking, Ltd. ("Double D") and Aaron Kozumplik ("Kozumplik") (together, "defendants") for injuries they suffered when their automobile collided with defendants' semi-trailer truck while it was parked on the shoulder of a limited access highway. The accident occurred when plaintiffs' vehicle was struck in the left rear fender by an unknown vehicle ("the beige minivan"), which caused plaintiffs' vehicle to veer off the roadway and into the parked truck. In the course of the incident, plaintiffs' vehicle was also struck from the rear by a third vehicle ("the Giantasio vehicle").

On March 7, 2006 plaintiffs brought suit in the Circuit Court of Cook County against defendants alleging that their injuries were proximately caused by the negligence of defendants. Thereafter, defendants removed the case to this court. Presently before the court is defendants' motion for summary judgment. For the reasons stated below, defendants' motion is denied.

**SUMMARY JUDGMENT STANDARDS**

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine whether any genuine issue of fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56(c) Advisory Committee's notes. The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Celotex Corp*. v. *Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the non-moving party cannot rest on bare pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia* v. *Philip Morris Inc*., 216 F.3d 596, 598 (7th Cir. 2000). A material fact must be outcome determinative under the governing law. *Insolia*, 216 F.3d at 598-99. Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver* v. *Quanex Corp*., 200 F.3d 485, 492 (7th Cir. 2000), the court must construe all facts in a light most favorable to the non-moving party as well as draw all reasonable inferences in that party's favor. *Anderson* v. *Liberty Lobby, Inc*., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

**FACTS**

On June 24, 2004, Kozumplik was driving a tractor-trailer owned by Double D. Shortly before 3:00 p.m., Kozumplik pulled his tractor-trailer onto the right shoulder of westbound Roosevelt Road in Chicago, Illinois in order to look at a map. About five to seven minutes later, as plaintiffs traveled westbound in the far right lane of Roosevelt Road, their vehicle was struck

by the beige minivan. According to Valerie McNair ("McNair"), a witness to the events, the accident was caused when the beige minivan ventured into the far right lane, striking plaintiffs' rear driver's side with its front passenger side. After being struck by the beige minivan, McNair observed plaintiffs' vehicle veer onto the right shoulder where it slammed into Double D's tractor-trailer.

## DISCUSSION

In order for plaintiffs to prevail on their claim of negligence, they must show that 1) defendants owed them a duty of care; 2) defendants breached that duty; and 3) defendants' breach of that duty proximately caused their injuries. *Lee* v. *Chicago Transit Authority*, 605 N.E.2d 493, 502, 152 Ill. 2d 432, 178 Ill.Dec. 699 (Ill. 1992).

Plaintiff alleges that the collision and their injuries proximately resulted from defendants' act of parking their truck on a controlled access highway in violation of 625 Ill. Comp. Stat. 5/11-1303(a)(1)(j) ("the statute"), which provides:

> (a) Except when necessary to avoid conflict with other traffic, or in compliance with law of the directions of police of officer or official traffic-control device, no person shall:
> (1) Stop, stand or park a vehicle:
> * * *
> (j) On any controlled-access highway;
> * * * *

A violation of a statute or ordinance designed to protect human life or property is alone *prima facie* evidence of negligence. *Barthel* v. *Illinois Central Gulf R.R. Co.*, 384 N.E.2d 323, 326, 74 Ill. 2d 213, 23 Ill. Dec. 529 (Ill. 1978). A party injured by such a violation must still show, though, that the violation proximately caused his injury and the statute or ordinance was intended to protect a class of persons to which he belongs from the kind of injury that he

3

suffered. *Barthel*, 384 N.E.2d at 219; *Ney* v. *Yellow Cab Co.*, 117 N.E.2d 74, 76-79, 2 Ill. 2d 74 (Ill. 1954).

Defendants argue that they are entitled to summary judgment because 1) the statute was not designed to protect plaintiffs; 2) they did not violate the statute because it only prohibits stopping, standing, or parking in the median or on the left side of the highway; 3) they did not violate the statute because Kozumplik parked on the shoulder of the roadway in order to avoid conflict with other traffic; and 4) in any event, they did not proximately cause plaintiffs' injuries.

**A.     The Statute Was Designed to Protect Plaintiffs**

Defendants contend that the statute was not designed to protect plaintiffs. In defendants' view, the statute's prohibition against vehicles stopping, standing, or parking on controlled access highways was intended merely to promote the free flow of traffic. It was not designed, defendants maintain, to protect against injuries resulting from cars leaving the traveled portion of the roadways.

In support of their position, defendants cite *Yates* v. *Schackelford*, 784 N.E.2d 330, 336 Ill. App. 3d 796, 271 Ill. Dec. 112 (Ill. App. Ct. 1st Dist. 2002). In that case, the defendant, a driver of a semi-tractor trailer truck, parked on the left shoulder of the roadway to repair the truck's non-functioning tail lights. Once the repairs were completed, the defendant attempted to reenter the left lane of the traveled portion of the roadway. As the defendant began to merge back into traffic, the plaintiff struck the rear of the defendant's truck. Finding that the defendant had violated the statute, the court observed that the plaintiff belonged to the class of people that the statute was designed to protect, and his injury was of the type that the statute was designed to prevent, because the statute implicitly recognizes that "[w]hen a motorist parks on the left

4

shoulder of the highway and attempts to merge back into traffic, a situation can be created that is hazardous to other drivers."

The statute is silent as to the class of persons for whose benefit it was enacted. *Sheehan* v. *Janesville Auto Transport*, 430 N.E.2d 131, 102 Ill. App. 3d 507, 58 Ill. Dec. 189 (Ill. App. Ct. 1st Dist. 1981). The court in *Yates* addressed the facts before it--a vehicle that had parked on the left of the roadway--and determined that the statute was intended to prevent collisions caused by vehicles reentering the roadway from the left. Defendants' effort to limit the scope of the statute to the holding of *Yates*, however, is unconvincing because they identify no principled reason why the legislature would be more concerned about collisions caused by left-entering vehicles than by collisions resulting from stopping, standing or parking anywhere else on the roadway. Indeed, at least one other court has recognized that motor vehicle safety statutes like the one at issue in this case are also designed "with an awareness, based on general experience, that from time to time vehicles on high-speed state highways go on to the shoulder under circumstances that make the presence of standing or parked vehicles a source of danger." *Dowling* v. *Consolidated Carriers Corp.*, 103 A.D.2d 675, 478 N.Y.S.2d 883 (N.Y. S. Ct. 1984). If the statute were designed only to protect against vehicles reentering traffic from the left shoulder, there would be no justification for its prohibition against stopping, standing or parking on the right shoulder of the roadway. Since the court finds below that the statute prohibits stopping, standing or parking on either side of the roadway, the class of persons the statute was designed to protect must necessarily be broader than the class defined in *Yates*. Accordingly, plaintiffs in this case also belong to the class of persons the statute was designed to protect.

B.  **The Statute Prohibits Stopping, Standing, or Parking on Either Side of the Roadway**

Defendants contend that they did not violate the statute because it merely prohibits stopping, standing or parking on the left shoulder of the highway, whereas Kozumplik was stopped on the right shoulder. Defendants again rely on the *Yates* court's discussion of the unique dangers associated with a vehicle reentering traffic from the left shoulder of a roadway.

In *Amstar Corp.* v. *Aurora Fast Freight*, 490 N.E.2d 1067, 141 Ill. App. 3d 705, 96 Ill. Dec. 31 (Ill. App. Ct. 3rd Dist. 1986), the court found that a "controlled-access highway" includes the shoulder. The court drew no distinction between the right and left shoulders, finding that the trial court had properly instructed the jury that the defendant's act of parking on the right shoulder of the highway in violation of the statute was *prima facie* evidence of negligence. *See id.* at 1071 (noting that the collision occurred in the right lane shortly after the defendant reentered the traveled portion of the highway). *Amstar* thus undermines defendants' contention that Illinois courts have interpreted the statute to prohibit stopping, standing or parking only on the left shoulder. Since there is nothing in the statute to indicate that it does not apply also to the right shoulder of the highway, this court follows *Amstar* and finds that controlled-access highway as that term is used in the statute includes both the right and left shoulder of a highway.

C.  **Kozumplik Violated the Statute**

Defendants next contend that they did not violate the statute because it was necessary for Kozumplik to park his truck on the right shoulder in order to avoid conflict with traffic while reviewing a map to determine on which roads tractor-trailers were permitted.

Defendants' interpretation of the "avoid conflict with traffic" exception is unreasonable. Defendants' definition would permit the operator of a motor vehicle to stop, stand or park on the shoulder of a highway for any reason, as the desire to stop would always make it necessary to leave the traveled portion of the highway to avoid conflict with traffic. Defendants' definition would thus read out of the statute its prohibition against stopping, standing or parking on the shoulders.

The court was unable to find a case specifically interpreting the "avoid conflict with traffic" exception, and the cases cited by the parties are not particularly instructive. For instance, in *Meister* v. *Henson*, 625 N.E.2d 404, 253 Ill. App. 3d 619, 192 Ill.Dec. 444 (Ill. App. Ct. 3rd Dist. 1993), cited by defendants, the court found that "a tow truck or other vehicle designed to render aid to stranded or disabled vehicles [that] stops or parks temporarily in the area between the roadways of a divided highway for the purpose of rendering assistance to the disabled vehicle located there" does not violate the statute. *Meister* thus stands merely for the proposition that the statute permits an emergency vehicle to stop, stand, or park on the shoulder of a highway in an emergency. The rationale for that rule is clear: only by permitting the tow truck to stop, stand or park on the shoulder can the danger posed by the disabled vehicle be removed. Kozumplik's need to review a map hardly compares with the emergency situation presented in *Meister*.

Defendants also cite *P.A.M Transport* v. *Builders Transport*, 568 N.E.2d 453, 454-56, 209 Ill. App. 3d 889, 154 Ill. Dec. 453 (Ill. App. Ct. 5th Dist. 1991). There, the court upheld a jury verdict finding that the plaintiff was not liable for contributory negligence when defendant collided with plaintiff's truck while it was parked on the shoulder of a highway. *P.A.M. Transport* offers no guidance on the scope of the "avoid conflict with traffic" exception, because

it did not consider whether the plaintiff violated the statute, only whether plaintiff's act of parking on the shoulder was the proximate cause of his own injuries. Since proximate causation is a wholly separate inquiry, defendants' reliance on *P.A.M. Transport* is unavailing.

Whatever the exact contours of the "avoid conflict with traffic" exception, the situation present in this case lies outside of it. There is nothing extraordinary about the situation Kozumplik faced when electing to park on the shoulder. Uncertainty regarding roads on which tractor-trailers were permitted was a foreseeable problem and one of his own making. Accordingly, defendants violated the statute, and plaintiffs can therefore establish a *prima facie* case of negligence.

**D.    Plaintiffs Raise an Issue of Fact as to Whether Defendants Proximately Caused Their Injuries**

Under Illinois law, proximate cause has two requirements: cause in fact and legal cause. *See Springfield Bank & Trust* v. *Galman*, 720 N.E.2d 1068, 1071, 188 Ill. 2d 252, 242 Ill. Dec. 113 (Ill. 1999); *Lee* v. *Chicago Transit Authority*, 605 N.E.2d 493, 502, 152 Ill. 2d 432, 178 Ill. Dec. 699 (Ill. 1992). Cause in fact is proven by showing that the defendant's action was a material element and a substantial factor in bringing about the plaintiff's injury. *Galman*, 720 N.E.2d at 1071. Legal cause "is essentially a question of foreseeability: a negligent act is a proximate cause of an injury if the injury is of a type which a reasonable man would see as a likely result of his conduct." *Lee*, 605 N.E.2d at 503 (quoting *Masotti* v. *Console*, 552 N.E.2d 1292, 195 Ill. App. 3d 838, 845, 142 Ill. Dec. 551 (Ill. 1990)).

Defendants argue that they could not have foreseen that the beige minivan would strike plaintiffs' vehicle while their truck was parked on the right shoulder. That is true, of course, but

8

it is of no consequence. A jury could reasonably conclude that defendants could have foreseen that parking on the shoulder of an already heavily traveled roadway during a peak travel period would increase the chance that an accident of the type involved in this case would occur, and that alone is sufficient to defeat summary judgment. Defendants point out that the accident occurred during daylight hours and in good weather conditions. Even so, there is a sufficient causal connection between the position of defendants' truck and the occurrence of the accident, particularly since the vehicle recovery area just off the highway would have put Kozumplik on notice that a vehicle might for some reason stray onto the shoulder.

## CONCLUSION

For the reasons stated above, defendants' motion for summary judgment [#23] is denied. This case will be called for status at 9:30 a.m. on September 13, 2007.


DATED: September 5, 2007     ENTER: _____
                                    JOAN HUMPHREY LEFKOW
                                    United States District Judge

———